G. B. RICKERS, *Respondent, v.* J. SIMCOX, JETER CLINTON AND R. H. McBRIDE, *Appellants.*

MONEY IN THE POSSESSION OF A PRISONER, at the time of his arrest, cannot be appropriated by officers who have him in charge, and the same, although taken from him at the time of his arrest, is still his property and subject to his order.

APPEAL from the Third Judicial District, Salt Lake County.

No attorneys appear by the record.

TITUS, C. J., delivered the opinion of the Court:

It appears from the record in this case that on the 31st of May last, J. Simcox, one of the Defendants, was taken before Jeter Clinton, another of them, and a Magistrate of Great Salt Lake City, on a charge of stealing several horses, two of which he had sold to G. B. Rickers, the Plaintiff, in the said rule for the sum of $160, and that these two horses were subsequently taken from the said Plaintiff by the officers as stolen property.

It further appears, that on or before the examination before the Magistrate, the officers had taken from the prisoner the sum of $120, and placed it in the Magistrate's hands, and that on the examination the accused admitted this to be part of the money he had received from the Plaintiff in part payment for the horses sold to him, and desired that it might be returned.

And it still further appears that on or about the time of the examination, the Plaintiff demanded this sum of $120 as his own, from Jeter Clinton, and that the latter refused to deliver it, with the evasion that "it was to go to the Court to pay expenses."

Upon these facts a rule was taken in the District Court, of the Third Judicial District of Utah, upon Simcox, Clinton, and R. H. McBride, the third Defendant, who claims to be a Sheriff's officer from Millard County, and to whom it is alleged the said sum of $120 was paid, to show cause why it should not be paid to the Plaintiff, G. B. Rickers.

Depositions were taken in the case, submitted upon argument to the District Court, and upon these, that Court on the 11th of July last, rendered judgment ordering the said Jeter Clinton to pay the said sum of $120 to the Plaintiff, and on appeal brings the case to this Court for revision.

The proofs are positive and unquestioned that the said sum of $120 was in the hands of the Magistrate at the time of the examination, and that the accused then requested it to be paid to the Plaintiff, G. B. Rickers, as his, or rightfully his due, and that the Plaintiff himself then demanded this money as his own.

J. N. Sackett, a disinterested witness, proves this, and he is almost entirely corroborated by William Hyde, a policeman on duty at the time.

From all that appears in the case the Plaintiff was rightfully entitled to the said sum of $120, the accused, Simcox, was competent to dispose of it, and actually did direct its payment to the Plaintiff as belonging or due to him, and Jeter Clinton, one of the Defendants then having its possession or control, actually prevented this, the only honest use that could be made of it.

The reasons assigned by this "Conservator" of the peace, as he calls himself, for disallowing this money to be paid to the Plaintiff, are neither sufficient in law nor creditable to himself. It was not pretended that this money was stolen, or that it belonged to any one but the prisoner or to the Plaintiff. If it was the money of the latter, it ought to have been returned to him as his own. If it was the money of the prisoner, as the debtor of the Plaintiff, he was empowered to direct the payment; and

his direction, corroborated as it was by every circumstance of the case, ought to have been followed.

The judgment of the District Court is therefore affirmed, the order requiring Jeter Clinton to pay the said sum of $120 to G. B. Rickers is reiterated, and this Court retains the case before it to direct its execution.